UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY ROBERTSON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:14-cr-0086-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 64. Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the court to conduct a preliminary review of all § 2255 motions. The court must summarily dismiss a motion if it "plainly appears . . . that the moving party is not entitled to relief . . . ." The court has conducted the review required under Rule 4(b) and recommends dismissing the motion with leave to amend because it violates Rule 2(b) of the Rules Governing § 2255 Proceedings.

A § 2255 motion must specify all grounds for relief and state facts supporting each ground. Rule 2(b), Rules Governing § 2255 Proceedings. Here, movant characterizes his claim as one of ineffective assistance of counsel and lists his "issues" as (1) "Failure to pursue opportunity to plea bargain," (2) "Failure to challenge Rule 11 violations," (3) "Counsel was deficient in the negotiation of the Plea Agreement and subsequent Waiver Provision," (4)

"Inherent fundamental defect in Waiver Provision," (5) "Counsel operated under a conflict of interest," and (6) "Unknowing and Unintelligent plea." ECF No. 64 at 5-6. Movant provides almost no information regarding the factual basis of any of these claims.[1] While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, respondent cannot meaningful respond to a § 2255 motion unless it complies with Rule 2(b) of the Rules Governing § 2255 Proceedings. Accordingly, movants § 2255 motion should be summarily dismissed with leave to amend.

Accordingly, it is hereby RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 64) be summarily dismissed.
2. Movant be granted 60 days from the date of any order adopting these findings and recommendation to file an amended § 2255 motion alleging facts in support of each of his grounds for relief. The amended motion must bear the docket number assigned to this action and be labelled, "Amended Motion."
3. The Clerk of the Court be directed to send movant the court's form for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v.*

---

[1] Movant concedes as much, indicating he has only raised issues "in order to preserve them," and that once he receives his case file from his attorney, he "will immediately amend his § 2255 [motion]." ECF No. 64 at 5.

2

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 29, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE